# WILLIAM H. McDOWELL *vs.* THOMAS E. BIDDISON AND AMY D. BIDDISON, His Wife.

*Specific performance and bill for perpetual injunction; equitable considerations; loss to defendant, without gain to plaintiff. Closing old road.*

Not every plain and certain contract will be specifically enforced by a Court of Equity, even though a right of action at law might apply for its breach.            p. 127

If to enforce an agreement specifically would do one party great injury and the other but comparatively little good, so that the result would be more spiteful than just, equity will not require its execution.            p. 127

Any bill in equity must contain a clear statement of the facts on which the plaintiff relies for relief.            p. 125.

To warrant a court in issuing an injunction, a full and candid disclosure of all the facts must be made. There must be no concealment, and the *res gestæ* must be represented as they actually are.            p. 125

The principle which applies to a bill for specific performance applies with equal force to a bill for a perpetual injunction, when the injunction accomplishes all that could be accomplished by a bill for specific performance.            p. 126

A bill was filed for a perpetual injunction to prevent the closing of an old private road, alleging an oral promise to keep the road open, but did not disclose the fact, shown by the evidence, that another way, equally as convenient, had been opened for the use of the complainant; the evidence all showed that to close the old road would do no harm to the complainant, but to keep it open would cause great damage and loss to the defendant. *Held,* that under all the circumstances the application for a perpetual injunction should be dismissed.

            p. 127

*Decided February 27th, 1913.*

, Appeal from the Circuit Court for Anne Arundel County, in Equity, (BRASHEARS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*James M. Munroe* (with whom was *R. Bennett Darnall* on the brief), for the appellant.

*Robert Moss*, for the appellee.

BURKE, J., delivered the opinion of the Court.

Thomas E. Biddison and Amy D. Biddison, his wife, were the owners of a tract of land situated on the Magothy river, in Anne Arundel county. The property was subject to a mortgage held by George W. Lowenstein and wife. On the 12th day of June, 1909, Biddison and wife and Lowenstein and wife granted and conveyed to William H. McDowell, the appellant, four acres of the tract. The property granted was particularly described by metes and bounds, and immediately following the description, the deed contained the following clause: "Also the right to use in common with others a roadway twelve feet wide (as much of the same as is embraced in the above description being reserved for use in common with other lot owners) beginning at the end of the second line in the description and running across the whole tract recently laid down by the said Thomas E. Biddison to the waters of Black Hole Creek. Also with the use in common with others of a private road to be laid down by the said Thomas E. Biddison, extending from the first mentioned road to Lake Shore Post Office."

A diagram, which shows the situation of the property and the location of the roads mentioned in the testimony and of the improvements on the property, is here inserted.

The road leading to Black Hole Creek mentioned in the deed and shown upon the above diagram, was laid down and opened by Biddison, and that road is not the subject of controversy in this case.

Biddison also laid down the other road mentioned. That road is shown upon the plat filed in the case and also upon the diagram. It connects with a road leading from Magothy River to Black Hole Creek. Both of these roads, which Biddison was obligated by the terms of the deed to lay out and keep open, were laid down by him and were in use long before the bill in this case was filed. He also opened a road, designated—C. to F.—on the plat and shown on the above diagram, which leads from the barn or stable of the plaintiff to the new road laid down by Biddison and which connects with the road to Black Hole Creek and leads to Lake Shore Post Office. By the opening of these roads, which afforded convenient ingress and egress to and from the plaintiff's property, Biddison has fully discharged the obligations imposed upon him by the deed with respect to the roads.

Mr. Biddison purchased the property for the purpose of development and sale. At the time of and for many years prior to the conveyance to the plaintiff there was an old farm road running along the shore front and marked on the plat and diagram "Road to Lake Shore Post Office." The distance from this road to water front varied from one hundred and twenty-five to two hundred feet, and its location seriously interferred with the advantageous development of this part of the defendant's property. At the time of the conveyance it was the understanding of the parties to the deed that this road should be closed by the defendant. After the roads above mentioned had been opened by the defendant and in use by persons going to and from the property, he closed the old road which ran along the shore. Thereupon the plaintiff filed a bill of complaint in the Circuit Court for Anne Arundel County for an injunction. The bill prayed:

*First.* That the defendant might be compelled to remove the fences and obstructions placed by him in said road and restore the same to the proper use and benefit of the plaintiff as it was at the time he purchased the property, and as it was promised by the defendant it should so continue.

*Second.* That the defendants might be enjoined from placing any fence across the road leading to Lake Shore Post Office and from placing in any part of the roadbed any stones, bricks or other obstructions whatsoever in and upon the same or any part thereof whereby the plaintiff might or could be prevented from the full and complete access to, egress from and progress over the said roadway.

*Third.* That the defendant might be compelled to lay down at once and definitely mark out the remaining road way or road ways as he was required to do by the covenants of the deed other than what have already been marked out by him in accordance with the terms of the deed; and for other and further relief.

The grounds upon which the plaintiff relies as entitling him to the relief prayed for are set forth in the fourth, fifth, sixth and seventh paragraphs of the bill. The plaintiff filed with his bill a copy of the deed marked "Plaintiff's Exhibit A."

*Fourth.* That the plaintiff, after the receipt of his said deed ("Plaintiff's Exhibit A"), entered upon and took possession of said property. Immediately upon taking such possession, the plaintiff, contemplating and intending the erection of certain necessary improvements upon his said property, for the better and more profitable use and occupation thereof, inquired of the defendants whether or not the road as laid down and indicated by red tracing on the plat marked "Plaintiff's Exhibit B," filed herewith, and leading to Lake Shore Post Office, and which had been used by all parties who came into or upon either the plaintiff's or defendant's property by way of land, was to remain as the permanent road, and which the plaintiff was to have the full use and benefit of, under the provisions of his aforesaid deed, the plaintiff giving as his reason for said inquiry that he, the plaintiff, wished to locate his barn with reference to the said road.

The plaintiff was thereupon informed and assured by the
defendant, Thomas E. Biddison, that the said road was to
remain a permanent road. The plaintiff, relying upon the
said assurance, proceeded to construct and finish his barn at
a point convenient to. said road on his said lot No. 4, which
point is indicated by a red cross-mark on the said plat. The
said defendant, Thomas E. Biddison, well knowing that the
plaintiff was so constructing his said barn, allowed the same
to be constructed without obstruction or objection. In the
construction of said barn the plaintiff laid out and expended
a very large sum of money.

The said barn is so constructed that it would be impracti-
cable and expensive to move it to any other part of the prop-
erty, and there is no other roadway adjacent to said barn.

*Fifth.* That the plaintiff further shows that ·the said
road, hereinbefore designated as the road to Lake Shore Post
Office, had for fifty (50) years or more previous thereto been
used by the general public as a public road or highway, and
though in recent years not so frequently used by the public,
was yet used at the pleasure of all persons passing that way
whenever the occasion required the use of the same, and was
openly and notoriously a highway for the convenience of
such persons living in that neighborhood as desired to use the
same, and was adopted by the defendant Thomas E. Biddi-
son, as hereinbefore stated, for the use of the plaintiff in con-
formity with the provisions to that effect in the deed hereto-
fore referred to as "Plaintiff's Exhibit A."

*Sixth.* That notwithstanding the expressed provisions of
the aforesaid deed ("Plaintiff's Exhibit A"), and notwith-
standing the assurance of the defendant, Thomas E. Biddi-
son, as to the use of the Lake Shore Post Office road, and
notwithstanding the erection of the barn by the plaintiff,
under all the circumstances heretofore set out, the defendant,
Thomas E. Biddison, has ordered and required the plaintiff
to cease using the said road hereinbefore referred to as the
Lake Shore Post Office road, and in order to more effectually
prevent the use by the plaintiff of the said road, the said

defendant, Thomas E. Biddison, has erected across said road a fence and other obstructions and thus effectually preventing the use of the road or right of way by the plaintiff, to the great injury of the plaintiff, whereby he is entirely excluded from any use whatsoever of the right of way over the Lake Shore Post Office road so granted to the plaintiff by the defendant, Thomas E. Biddison, in the aforesaid deed ("Plaintiff's Exhibit A"), and which the plaintiff has been using under the claim of right so to do, under the provisions of the aforesaid deed for about two (2) years.

The plaintiff had had no intimation that the defendant intended to close said road until a short time ago, when the fence was placed across the road while the plaintiff was absent from the property.

*Seventh.* That the obstruction of the said road and the deprivation of the use by the plaintiff of the same by the said defendant, Thomas E. Biddison, is not susceptible of adequate compensation in the ordinary course of law, but will cause the plaintiff irreparable damage and loss to the property of the said plaintiff unless the said defendants are restrained by the Court from the further obstruction of the said roadway and are compelled to remove what obstructions have been placed in, upon or across said roadway.

An injunction was issued as prayed. The answer of the defendants denied the material allegations of the bill, and specifically denied that they or either of them ever told the plaintiff that the old road to Lake Shore Post Office was to be maintained as a permanent road, but they averred that the defendant, Thomas E. Biddison, informed the plaintiff that the road was to be used only until he could lay down the permanent road to be used by the plaintiff. They alleged that the plaintiff was in no manner injured by the closing of the road, and that he had a road as direct to Lake Shore Post Office and other places by the road laid down by the defendant as by the old road, and that he had as good a road to and from his barn as by the old road which the plaintiff claimed a right to use.

They further alleged that they had purchased their property at a large cost for the purpose of advertising and developing the same, and selling building lots on the Magothy River, and that at the time of the sale of the lot to the plaintiff they were well aware of the fact that they could not leave the road to the Lake Shore Post Office permanently located where the old road had been located, because it would seriously interfere with the development and sale of lots along that part of the river front. That the old road was too close to the river bank and would not leave lots of sufficient depth between the road and the river; that the road was unsightly and crooked, not adapted to the location of a modern road, and that the defendant reserved the right to locate a new road in the place of the old road, and that the plaintiff accepted his deed with this understanding.

The case was heard upon bill, answer, replication and testimony, and from the decree of the lower Court dissolving the injunction and dismissing the bill the plaintiff has appealed.

The testimony in the case shows: first, that the closing of the old road has caused no actual damage to the plaintiff; and secondly, that the continuation of the road would result in very serious injury to the defendant. The bill contained averments which are wholly unsupported by the evidence, and besides it did not put the Court in possession of the actual, existing situation at the time it was filed.

In *Lamm* v. *Burrell,* 69 Md. 272, it is said to be "quite a familiar principle, recognized in the 15th of the rules adopted by this Court for the regulation of the pleading and practice in Courts of Equity in this State, that every bill in equity must contain a clear statement of the facts upon which the plaintiff relies for relief. It is equally well settled that to warrant the Court in issuing an injunction, a full and candid disclosure of all the facts must be made. There must be no concealment and the *res gestae* must be represented as they actually are."

There is no mention in the bill of the roads opened by the defendant, which the proof shows afforded the plaintiff easy and convenient access to and egress from his property.

The plaintiff's case rests upon the alleged oral contract, or agreement set up in the fourth paragraph of the bill in connection with the further averment that in reliance upon that contract or agreement of the defendant that he would keep the old road open he located his barn in a place he would not have otherwise selected. The bill, in legal effect, is one for the specific performance of this oral contract or agreement. It seeks to have it established and enforced by means of an injunction. Should the injunction have been sustained, there would have been accomplished everything a decree for specific execution of the agreement could have effected. This Court in *Gurley* v. *Hiteshue,* 5 Gill, 223, said: "All the principles which apply to the case of a bill for specific performance, apply with equal force to the case of a bill for perpetual injunction, when that injunction accomplishes all the objects which could be accomplished by a successful prosecution of a formal bill for a specific execution."

The settled rule is that "in all cases for specific performance the contract must be accurately stated in the bill and the proof must in every essential particular correspond with the terms of the contract thus set up. The proof must be clear and explicit, leaving no room for reasonable doubt." *Semmes* v. *Worthington,* 38 Md. 298.

The agreement alleged in the bill and testified to by the plaintiff is directly denied by the answer of the defendant and by his testimony, and the fact that the permanent continuance of the old road in its present location would cause great injury to the defendant and set aside the original intention and understanding of the parties, is a circumstance strongly corroborative of the defendant's evidence. The testimony of George Hoffman and William T. Bryerly, who were called to establish the agreement, is not clear and satisfactory. We quite agree with the observations of JUDGE BRASHEARS that it would seem to be "unreasonable to sup-

pose that Mr. Biddison would give the use of what is called the old road which would practically destroy his plans in the development of his property in consideration of the change by Mr. McDowell in the location or site of his stable or barn. The only inference that can be gathered from the evidence is that the alleged conversations related to the road leading from the barn to the new road which had been laid down in accordance with the provisions of the deed to McDowell; and that road is still open and subject to the use of the plaintiff."

But if it be conceded that the agreement was made and established, the case is not one in which the injunction could have been continued. No real harm has been done the plaintiff by the closing of the old road, and very great harm would be done the defendant by granting the relief prayed for. It is said in *McCutcheons Heirs* v. *Rawleigh,* 76 S. W. 51, that "it is not every plain and certain contract that will be specifically enforced, whatever may be the legal rights of the parties in an action for damages for its breach. *Cocanougher* v. *Green,* 93 Ky. 519; *Woollums* v. *Horsley,* 93 Ky. 582; *Simon* v. *Wildt,* 84 Ky. 157. If to enforce specifically an agreement would do one party great injury and the other but comparatively little good, so that the result would be more spiteful than just, the Chancellor will not require its execution."

It follows from what we have said that the lower Court committed no error in dissolving the injunction and dismissing the bill, and, therefore, its decree will be affirmed.

*Decree affirmed, with costs to the appellee above and below.*