STATE OF MISSOURI at the relation of W. P. McDONALD, Justice of the Peace within and for Washington Township, Buchanan County, and LOUIS SILVERMAN, Constable of Washington Township, Buchanan County, Relators, v. FERD J. FRANKENHOFF, Judge of Division No. 3 of the Circuit Court of Buchanan County.—125 S. W. (2d) 816.

Division One, March 8, 1939.

*Roy McKittrick*, Attorney General, *Franklin E. Reagan*, Assistant Attorney General, and *Margaret Young* for relators.

CLARK, J.—This is an original proceeding in prohibition against Honorable Ferd J. Frankenhoff, a judge of the Circuit Court of Buchanan County.

On March 26, 1938, one Otto Kennedy filed a petition in that court praying for a writ of certiorari directed to W. P. McDonald and Louis Silverman, justice of the peace and constable, respectively, of Washington township in that county, for the purpose of determining the legality of certain proceedings pending before said justice. In his petition Kennedy alleged: that said justice had caused to be served on him a notice, marked as an exhibit, filed with and made a part of the petition, stating that on March 25, 1938, at his courtroom said justice would conduct a hearing for the purpose of determining whether certain property in said notice described were gambling devices; that on said last mentioned day he filed with said justice an application for

change of venue; that said justice is proceeding without authority of law because: the justice has no jurisdiction by reason of the application for change of venue; because no complaint in writing under oath had been filed with said justice stating that such property was being kept in said county and describing the place where same was kept and the person who was keeping same; because the search and seizure on the premises described were void for the reason that the officers making such search and seizure were not persons authorized by law to do so. Said petition further averred that "the officers who seized said property claimed to have taken it from premises occupied by" said Kennedy; that the proceedings before said justice were under Sections 3783 to 3787, inclusive, Revised Statutes Missouri 1929; that said statutes make no provision for an appeal and that he is without remedy except by certiorari.

Upon the filing of this petition the circuit judge caused to be issued and served on said justice and constable a writ of certiorari; they appeared and filed a motion to dismiss the cause, alleging that the circuit court had no jurisdiction of the subject and that the petition did not state a cause of action. This motion being overruled, the justice and constable as relators filed their petition in this court praying for a preliminary rule of prohibition against said circuit judge requiring him to show cause why final judgment should not be rendered commanding him to desist from further hearing of said cause, etc.

To our preliminary rule, issued on said petition, the said circuit judge, as respondent, has made return admitting that the justice and constable were duly elected and qualified; the issuance and service of the notice by the justice, the denial of a change of venue, the hearing by the justice and his finding that the machines were gambling devices, the filing of the petition for certiorari in the circuit court, and the overruling of the motion to dismiss. Said return also admits that the application for change of venue was properly denied by the justice, but claims that said justice acted in excess of his jurisdiction because of the absence of any complaint filed with him and, also, that the officers making the search and seizure were not persons authorized to do so. The return further says that no appeal from a justice is provided by statute in such matters and certiorari is therefore a proper remedy, and further states that relators have an adequate remedy by appeal because the "gambling devices" have been turned over to the constable and are in his possession. Upon the filing of respondent's return, the relators moved to make the preliminary rule absolute.

This case was not argued in this court and respondent has filed no brief. We are left to conjecture as to the basis of respondent's contention that the "officers making such search and seizure were not persons authorized by law to do so." The record does not disclose who made the seizure or the manner in which it was made.

We may assume, perhaps, that the seizure was made by the constable or justice or both. It is admitted that they were duly elected and qualified officers. Constables have the same powers as sheriffs within the jurisdiction of the justice. [Huhn v. Lang, 122 Mo. 600, 27 S. W. 345.] As to powers of sheriffs, see Section 11516, Revised Statutes 1929 (Mo. Stat. Ann., p. 7435).

Respondent contends that the justice was without jurisdiction because no complaint in writing under oath was filed with said justice.

Section 4287, Revised Statutes Missouri 1929 (Mo. Stat. Ann., p. 2986), makes it unlawful to set up or keep any gambling device. Section 3783, Revised Statutes 1929 (Mo. Stat. Ann., p. 3310), provides for the issuance of search warrants on a complaint in writing under oath.

■ In the view we take of this case, the manner in which the machines were seized is immaterial. However, we have held that a search warrant is not in every case necessary to authorize a search for and seizure of illegal property such as gambling devices. State v. Pigg, 312 Mo. 212, 278 S. W. 1030; State v. Askew, 331 Mo. 684, 56 S. W. (2d) 52; State ex rel. v. Joynt, 341 Mo. 788 110 S. W. (2d) 737; that only "unreasonable" searches are prohibited by our Constitution, and that gambling devices, incapable of lawful use, are not protected by law and may be summarily seized and destroyed. In State ex rel. v. Joynt, supra, after a review of the pertinent decisions in our own and other jurisdictions, we prohibited a circuit court from further proceeding in a case to enjoin the police of the City of St. Louis from destroying certain property seized by them without a search warrant. In that case, under the pleadings and undisputed facts, the slot machines in question were incapable of lawful use and we held that such property "is outlawed" and subject to summary seizure. We also held that one who seeks the protection of a court of equity must make full and free disclosure of all the facts relating to his case; "that he should not only show his hand, but open it wide," and that a failure to do so will make against him.

■ In the case now under consideration, the notice issued by the justice of the peace described the machines in question very meagerly, the description being: "One slot machine, two pin-ball machines." From such description alone it cannot be determined whether or not the machines are capable of lawful use, but, although Kennedy's petition for certiorari alleged that the justice, after a hearing, "did determine and adjudge that the same were gambling devices," yet said petition did not deny the truth of the justice's finding nor set out an accurate description of the questioned property so that the court could determine its true character. We think that the failure of Kennedy to deny that the machines were gambling devices and his failure to allege facts showing that they were capable of lawful use authorize us to assume the truth of the justice's finding that they

were illegal devices. Indeed, respondent in his return seems to concede the illegal nature of the machines for he says the "gambling devices" have been turned over to the constable.

Therefore, under our ruling in State ex rel. v. Joynt, supra, we hold that the machines in question were unlawful property and not protected by law, regardless of the manner in which they were seized. We also hold that Kennedy's lack of candor and fairness in failing to make full disclosure of the facts in his petition prevented the circuit court from acquiring jurisdiction to issue the extraordinary writ of certiorari.

For another reason we think the honorable circuit judge failed to acquire jurisdiction in this case. Kennedy's petition did not allege that he had any interest in the slot machines nor that they were taken from premises owned by him or under his control. His allegation was: "that the officers who seized said property claimed to have taken it from property occupied by relator." This is merely a declaration of hearsay and not a positive statement of fact showing any right in Kennedy to complain of the seizure of the slot machines. The law affords protection in such matters only to the owner or person in possession of the premises searched. [State v. Askew, 331 Mo. 684, 56 S. W. (2d) 52, l. c. 54.]

In his return, respondent avers that he has had no opportunity to pass upon the merits of the controversy and that it is unknown what his "final judgment" may be. In the view we take respondent was without authority to conduct a hearing and should have sustained the motion to dismiss because the petition disclosed the illegal nature of the slot machines; because it failed to show the petitioner's right to complain, and failed to fairly inform the respondent circuit judge of facts within the knowledge of petitioner and necessary to a correct decision by the judge.

This is not a case in which the petition for certiorari merely fails to state a cause of action in matters which may be amended. The petition discloses that its purpose is to protect outlawed devices and that the petitioner refuses to claim any interest in such devices.

We hold that the learned circuit judge is without jurisdiction to hear this case; that our preliminary rule was properly issued and it is now made absolute. All concur.