## Stinnett v. Commonwealth.

(Decided October 2, 1923.)

### Appeal from Edmonson Circuit Court.

1. **Indictment and Information—Indictment Must Charge Operation of Illicit Still Within Year.**—The one-year statute of limitations applies to prosecutions for unlawfully operating an illicit or moonshine still, and the indictment should charge the commission of the offense on a day set within that period, or that it occurred prior to and within twelve months before it was filed, otherwise it is bad on demurrer.

2. **Intoxicating Liquors—Provisions as to Manufacture and Handling of Liquor and Having in Possession Illicit Still Construed.**—It was the legislative intent in Acts 1922, chapter 33, section 1, to cover all illegal acts arising in or growing out of the manufacture, sale, and handling of intoxicating liquor, and in section 4 to cover everything connected with the ownership or handling of apparatus

designed for the illegal manufacture thereof, and each offense is separate and distinct from the other.

3.   Intoxicating Liquors—Indictment for Manufacture Held Insufficient —"Operation."—An indictment merely charging the operation of a moonshine still does not state an offense under either section 1 or section 4 of Acts 1922, chapter 33, it not being indicated for what purpose the still was being operated, and its operation not necessarily meaning the manufacture of intoxicants.

MILTON CLARK for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellant complains of the action of the lower court in overruling a demurrer to the indictment upon which he was prosecuted and convicted. The indictment reads:

"The grand jury in the county of Edmonson, in the name and by the authority of the Commonwealth of Kentucky, accuse Oliver Stinnett of the offense of unlawfully operating an illicit or moonshine still, committed as follows, to-wit: The said Stinnett heretofore to-wit: On the — day of —— 192— in the county aforesaid, did unlawfully operate an illicit still, commonly and exclusively used in the manufacture of illicit or moonshine whiskey, not for medicinal, mechanical, scientific or sacramental purposes in the Commonwealth of Kentucky. Done as aforesaid within the year last past and against the peace and dignity of the Commonwealth of Kentucky."

The one year statute of limitations applies to prosecutions of this character, and the indictment should charge the commission of the offense on a day certain within that period or that it occurred prior to and within twelve months before it is filed, otherwise it is bad on demurrer. Bowling Green Athletic Club v. Commonwealth, 199 Ky. 96.

The offense is described as "heretofore to-wit: On the — day of —— 192—, did unlawfully, &c." This shows the offense to have been prior in point of time, but not that it occurred within twelve months; however, the last phrase, "done as aforesaid within one year last past," is a charge that it occurred within that period, and while not aptly expressed the indictment may be good in this particular; there is a question, however, as to whether it

states a public offense.   Section 4 of chapter 33, Acts 1922, provides:

"It shall be unlawful for any person to buy, bargain, sell, loan, own, have in possession or knowingly transport an illicit still disignated for the unlawful manufacture of intoxicating liquors."

The penalty for the first conviction is fixed at a fine of not less than $50.00 nor more than $500.00 and imprisonment in the county jail for not exceeding six months, and for a second conviction, at confinement in the penitentiary for from five to ten years.

This is the only provision that relates to illicit stills as such, and it will be observed that the offenses denounced are for "buying, bargaining, selling, owning, having in possession or knowingly transporting illicit stills," and that there is no reference to the operation thereof.   From an inspection of the act the reason of this omission is obvious, as this feature is covered by section 1, which provides:

"That it shall be unlawful to manufacture, sell, barter, give away, or keep for sale, or unlawfully have in possession or transport spirituous, vinous, malt or intoxicating liquors, except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky."

Different penalties are fixed for the offenses denounced in this section.   That for the manufacture of liquor is found in section 3 of the act, and provides for the first conviction of a fine of from $100.00 to $500.00 and a jail sentence of from sixty days to six months; and for the second conviction, confinement in the penitentiary of from one to five years.

It thus appears to have been the legislative intent for section one to cover all illegal acts arising in and growing out of the manufacture, sale and handling of intoxicating liquor, and section 4 to cover everything connected with the ownership or handling of apparatus designed for the illegal manufacture thereof, and that each offense is separate and distinct from the other.

The indictment in both the accusative and descriptive parts merely charged the operation of a moonshine still. This is not made an offense under section 4, as above indicated.   Neither is it made an offense under section 1, as it is not indicated for what purpose it was being oper-

ated and its operation does not necessarily mean the manufacture of intoxicants.

It is urged that a similar indictment was upheld in the case of Merdith v. Commonwealth, 199 Ky. 544, but quite a distinction is to be drawn between the two indictments. In the latter, the indictment in the accusative part merely charged the "operation" of an illicit or moonshine still, but in the descriptive part it was alleged that the "defendants did unlawfully operate an illicit or moonshine still *by then and there manufacturing and attempting to manufacture spirituous liquor therein.*"

The court was of the opinion that the entire indictment should be construed together, and that when this was done the indictment clearly charged the manufacture of intoxicating liquors and that the erroneous naming of the offense in the accusative part did not vitiate the indictment. The decision seems to rest upon the words we have italicised. No such language appears in this indictment, hence that opinion in nowise conflicts with the views expressed herein.

For the reasons indicated the case is reversed and cause remanded for proceedings consistent herewith.