## Johnson v. Commonwealth.

(Decided November 27, 1923.)

## Appeal from Harlan Circuit Court.

1. Intoxicating Liquors—No Conviction on Proof of Possession of Whiskey Under Charge of Possession of "Malt and Intoxicating Liquor."—Under a charge of having in possession for the purpose of sale "malt and intoxicating liquor," conviction could not be had on proof of possession of moonshine whiskey, a spirituous liquor.

2. Criminal Law—Liquor Obtained when Thrown Away by One Pursued by Officers Not Acquired Through Search and Admissible.— Where defendant, while officers were searching a nearby house, ran out of his house with something on his back, and the officers pursued him and found liquor, which he threw away in a field, there was no search for such liquor, and it was admissible in evi-

dence against him, though the officers had no warrant to search defendant's premises.

J. B. SNYDER for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted under a warrant charging him with the offense of having in his possession for the purpose of sale "malt and intoxicating liquor," and his punishment fixed at a fine of $100.00 and thirty days' confinement in the county jail.

The only evidence offered in support of the charge was that appellant had in his possession moonshine whiskey. It is conceded that the warrant was not demurrable, but insisted that there was a fatal variance between the charge and the proof, and that the proof was insufficient to sustain the charge. While we are loath to reverse the judgment, we are unable to perceive how such a course may be avoided. As before stated, the warrant charges the possession of "malt and intoxicating liquor." The words can not be construed as meaning "malt and other intoxicating liquor." The only construction of which they are susceptible is that appellant had in his possession for the purpose of sale malt liquor, and that this liquor was intoxicating. There was no proof of the possession of malt liquor. The evidence was confined to spirituous liquor. The warrant was not amended. That being true, the evidence was not sufficient to support the charge (Cornett v. Commonwealth, 64 S. W. 415), and appellant's motion for a peremptory instruction should have been sustained.

Another contention is that practically all the evidence is inadmissible because it was obtained by search without the requisite warrant. The evidence was to the effect that the officers had a search warrant for the house of appellant's brother, who lived next door to him. While they were searching that house, appellant ran out of the other house with something on his back. The officers mistook him for another man who had escaped jail, and pursued him. After appellant had gone some distance, he threw away into a field two half-gallon jars filled with whiskey, one of which was broken. When the officers came up, they discovered the whiskey and took posses-

sion of the jar that was not broken. As we view it, no case of search is presented. There was no search of appellant's premises or person. All that appears is that the officers went into somebody's field and found the whiskey which appellant had thrown away. It was not even necessary to take the cap off the jars. One of them was broken and appellant's own act made it impossible for the officers not to discover the liquor. It follows that the evidence was admissible.

We find no other error in the record.

On the return of the case the warrant may be amended to meet the proof.

Judgment reversed and cause remanded for a new trial consistent with this opinion.