## Neely v. Commonwealth.

(Decided November 27, 1923.)

### Appeal from Harlan Circuit Court.

1. Intoxicating Liquors—No Conviction on Proof of Possession of Whiskey Under Charge of Possession of "Malt and Intoxicating Liquor.—A charge of possession of "malt and intoxicating liquor" was a charge merely of possessing malt liquor that was intoxicating, and was not sustained by proof of possession of moonshine whiskey or spirituous liquor.

2. Criminal Law—No Complaint of Search of Another's Property Without Warrant.—Where defendant had a jug of whiskey in his hand drinking out of it when discovered by an officer, but denied that the whiskey was his, he cannot complain that evidence was obtained against him by search without a warrant, since one cannot complain of the search of another's property.

J. B. SNYDER for appellant.

THOS. B. McGREGOR, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was convicted under a warrant charging him with the offense of having in his possession for the purpose of sale "malt and intoxicating liquor," and his punishment fixed at a fine of $300.00 and imprisonment in the county jail for sixty days.

The Commonwealth did not undertake to show the possession of malt liquor, but confined itself to the pos-

session of moonshine whiskey, or spirituous liquor. Appellant insists that he was entitled to a peremptory instruction. The basis of this contention is that the charge of possession of "malt and intoxicating liquor" is a charge merely of possessing malt liquor that is intoxicating, and that such a charge is not sustained by proof of the possession of moonshine whiskey or spirituous liquor. For the reasons pointed out in the case of Johnson v. Commonwealth, 201 Ky. 163, this day decided, the point is well taken.

Another contention is that the evidence was obtained by search without the requisite warrant. The evidence is to the effect that the sheriff had information that appellant was selling whiskey below Loyal on the hill. He sent a man ahead to get appellant to go where the whiskey was. When the officer caught up with appellant and the other man, appellant had a jug in his hand drinking out of it. We need go no further than to say that appellant denied that the whiskey was his, and the rule is well settled that one cannot complain of the search of another's property without a search warrant.

We find no merit in the other contentions.

On the return of the case the warrant may be amended to meet the proof.

Judgment reversed and cause remanded for new trial consistent with this opinion.