## Davis v. Commonwealth.

(Decided December 7, 1923.)

### Appeal from Martin Circuit Court.

1. **Indictment and Information—Duplicity Cured by Election Before Ruling on Demurrer.**—If an indictment charging possession of illicit still and operation of the same was duplicitous, the defect was cured, where the Commonwealth, before demurrer was ruled upon, elected to prosecute upon the charge of having an illicit still in possession, in view of Criminal Code of Practice, section 168.

2. **Indictment and Information—Indictment Charging Possession of Still and Operation Thereof Held Not Duplicitous.**—An indictment charging possession of an illicit still and also operation of the same was not duplicitous, but only charged unlawful possession, where there were no allegations that defendant was unlawfully manufacturing intoxicating liquors, for beverage purposes, as denounced by Acts 1922, c. 33, section 1.

3. **Criminal Law—Search Warrant Unnecessary to Seize Still in Sack Thrown Away, and Still Admissible in Evidence.**—Where defendant fled when sheriff approached and was pursued without being overtaken, but in his flight threw away a sack in which he was carrying an illicit still, which the officer found, there was no illegal search, and the still was competent in evidence.

J. B. CLARK, for appellant.

THOS. B. McGREGOR, Attorney General, JOHN W. WHEELER, JASPER H. PREECE and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant was convicted of having in possession an illicit still, which is made a misdemeanor by section 4 of chapter 33 of the 1922 Acts.

For reversal he insists that the court erred in overruling his demurrer to the indictment, and his motion for a directed acquittal.

The indictment charged appellant not only with having in his possession an illicit still, but also with operating same, and, upon the theory that for this reason the indictment was duplicitous, the Commonwealth before the demurrer was ruled upon elected to prosecute appellant upon the charge of having an illicit still in his possession, which, under the Code and many decisions of this court, would have cured the defect in the indictment if it had been duplicitous. Section 168 of the Criminal Code; Cartwright v. Commonwealth, 196 Ky. 6, 244 S. W. 55.

But simply to operate an illicit still is not made an offense, and the allegations being insufficient to charge that the defendant was unlawfully manufacturing intoxicating liquors for beverage purposes as denounced by section one of the chapter, *supra,* the indictment charged the single offense of having an illicit still in possession, and was not therefore demurrable, as the averment of operating same was merely surplusage. Stinnett v. Commonwealth, 200 Ky. 297, 254 S. W. 920.

The court, therefore, did not err in overruling the demurrer to the indictment.

Defendant's motion for a directed verdict was based upon the two contentions that the evidence of his guilt, given by the sheriff, was incompetent because obtained by an illegal search; and that the other witness for the Commonwealth, Herb Pack, was an accomplice and his evidence of defendant's guilt, being unsupported by competent evidence, was insufficient to warrant a conviction.

There is, in our judgment, no merit in either contention. When the sheriff approached defendant and his companion, Herb Pack, as they were riding along the highway, the defendant fled, and the officer pursued him but did not overtake him. In his flight defendant lost or threw away a sack in which he was carrying an illicit still, which the officer found. Upon the authority of the recent case of Bud Johnson v. Commonwealth, decided November 7, 1923, there was no illegal search, and the evidence thus discovered was competent.

It follows the court did not err in refusing to direct an acquittal, and we need not recite the evidence, which shows defendant's companion was not an accomplice, or decide whether or not section 241 of the Code, requiring corroboration of an accomplice's evidence to warrant conviction, is applicable in prosecutions for violation of chapter 33 of the 1922 Acts.

Judgment affirmed.