### Porter v. Commonwealth.

(Decided December 18, 1923.)

### Appeal from Martin Circuit Court.

1. Intoxicating Liquors—Indictment Charging Operating of Still Held Insufficient.—An indictment charging merely the operating of a moonshine or illicit still for the manufacture of spirituous or intoxicating liquor held insufficient.
2. Criminal Law—Testimony of Accomplice in Liquor Prosecution Held Not Corroborated.—Testimony of accomplice in prosecution for manufacturing liquor held not sufficiently corroborated.
3. Criminal Law—Testimony of Accomplice Must be Corroborated.—Conviction cannot be had on the testimony of an accomplice unless corroborated.

J. B. CLARK for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Aubrey Porter and Millard Glasby were tried and convicted in the Martin circuit court, the punishment of each being fixed at a fine of $200.00 and sixty days in jail. Porter appeals.

The indictment charges them with having in possession a moonshine or illicit still and of operating a moonshine or illicit still for the manufacture of spirituous or intoxicating liquor, and a description of the offense is in similar language. A demurrer to the indictment was filed and the Commonwealth's attorney elected to prosecute the defendants for operating a moonshine still, whereupon the demurrer was overruled and exceptions taken. This appears to be error. Collins v. Com., 195 Ky. 745; Spriggs v. Com., 200 Ky. 559; Stinnett v. Com., 200 Ky. 297.

Aside from this, the only evidence connecting the defendant with the offense is by one Sonny Spence, who testifies that he and Millard Glasby were jointly engaged in the manufacture of moonshine liquor; that they contracted with Porter to exchange with him 1½ gallons of moonshine liquor for 100 pounds of sugar; that Porter brought the sugar and later the witness delivered the liquor to John Porter, a brother of Aubrey Porter, to be hidden in a bottom on Aubrey Porter's place. John Porter states that this whiskey was so given to him and that he took it and hid it at the place mentioned, but he did not have any conversation with Aubrey Porter in reference thereto, and has no knowledge at all as to whether Aubrey received it or knew anything of its being carried to that point, and he knows of nothing, either before or since that occurrence, that indicates Aubrey Porter's knowledge thereof.

We can see nothing in John Porter's evidence to connect Aubrey Porter with the commission of the offense. Spence is clearly an accomplice, and as his evidence is not corroborated in this essential it would appear that even if the indictment was not defective the evidence was insufficient to authorize a conviction.

Therefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.