CHARLIE GIDDINGS V. THE STATE.

No. 18342.   Delivered May 27, 1936.

The opinion states the case.

B. W. *Smith,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for assault with intent to murder, punishment being assessed at three years in the penitentiary.

The assault was charged to have been committed upon Pauline Danforth. She and appellant were negroes.

The assault occurred on Sunday night, September 1, 1935. Prior to that time appellant had occupied a room at Pauline's house for about two weeks, but was not staying at her house at the time of the assault. She was on her way to church. Appellant met Pauline and went to church with her and then accompanied her home. She gave appellant some money and he went after a sandwich for her; returned with it and gave it and the change to her. While she was eating the sandwich appellant went out the door and she thought he was gone. He immediately came back in the house, she thinking it was a neighbor coming in, and he immediately, and without saying a word, commenced cutting her with a razor. She says nothing had occurred between them to make him angry, and she did not know why he cut her further than when she asked him why he cut her he replied that "He was not satisfied." Appellant did not testify, and no light is shed on the occurrence further than obtained from her testimony. Pauline was taken to the hospital and the doctor who attended her described the wounds as follows:

"She had a long gash about her Adam's apple and extending over towards her left shoulder; above her collar bone there was an incision about three or three and a half inches long which extended down to the muscles of the neck; that severed the external jugular vein. * * * That last wound * * * was pretty close to the main jugular vein and it is possible that the woman could have bled to death if she had not received medical attention right away."

The first bill of exception complains of the admission of the testimony of Lillian Miller as to a statement made to her by the injured woman. The witness testified that appellant passed her house running on the night of the assault, called to her and said, "I think I have killed Pauline;" that she immediately went to Pauline's house and the first thing Pauline said was that appellant had cut her. It was to this last statement appellant interposed objection. So far as the record shows Lillian was the first person who reached the injured woman after the assault. Pauline was then bleeding profusely. We

find nothing in the record nor in the bill of· exception which negatives the idea that the statement objected to was res gestae. Furthermore, the uncontradicted evidence shows that appellant had inflicted the injuries.

The chief of police of the city of San Angelo testified over objection that on the second day after the assault in question he arrested appellant after running him three or four hundred yards, and after the arrest took a razor from appellant's pocket. In the statement of facts it appears from the officer's testimony that the arrest was made "in the City of San Angelo," while bill of exception number two complaining of the evidence recites that the officer testified that he arrested appellant *"outside* of the City limits of San Angelo." The bill recites that the officer had no warrant of arrest. The testimony was objected to on the ground that the arrest was not authorized by law, having been made outside the city limits by a city officer, that he had no warrant of arrest, nor any search warrant, and at the time of arrest appellant was not committing a felony nor a breach of the peace in the officer's presence. It does not appear necessary to consider whether or not the arrest was legal. As soon as appellant saw the officers he ran from them. Proof of flight to evade arrest for a crime is admissible whether the attempted arrest is legal or illegal.

Bill of exception number three brings forward complaint because of the admission in evidence of the razor taken from appellant at the time of his arrest, the same objection being urged as appears in bill number two, viz:—that the arrest was illegal. Again, pretermitting discussion of such question, it does not occur to us that the introduction of the razor in evidence could possibly have injured appellant because the uncontradicted evidence shows that appellant cut the woman with a razor. There was no controverted issue in the case upon which the introduction in evidence of the razor could have had any bearing whatever.

It is urged that the evidence does not support the conviction for assault with intent to murder, and that the court erred in submititng that issue to the jury. We are unable to see the matter from appellant's viewpoint. Apparently without excuse he assaulted the woman with a razor and inflicted injuries upon her described by the doctor as most serious. Appellant himself was apprehensive that death might result from the wounds as indicated by his remark to Lillian Miller as he passed her house fleeing from the scene of the crime.

We see no basis in the evidence for an instruction on simple assault, for which omission the charge was excepted to.

Finding no error in the record the judgment is affirmed.

*Affirmed.*