STATE of Missouri (Plaintiff), Respondent,

v.

Robert HARRIS (Defendant), Appellant.

No. 29918.

St. Louis Court of Appeals.

Missouri.

June 16, 1959.

---

Raymond A. Bruntrager, St. Louis, for appellant.

Thomas F. Eagleton, Circuit Atty., City of St. Louis, for respondent.

ANDERSON, Judge.

Appellant, Robert Harris (hereinafter called defendant) was found guilty of possessing lottery tickets, a misdemeanor. From the ensuing judgment, wherein his punishment was assessed at one year in the City Workhouse and a fine of $1,000, he has prosecuted this appeal. The appeal was taken to this court. Thereafter, we transferred the cause to the Supreme Court on the ground that a constitutional question was involved, defendant claiming that his constitutional rights under Article 1, Section 15, of the Constitution of Missouri, 1945, V.A.M.S. had been violated. The Supreme Court retransferred the case to this court holding that it had no jurisdiction of the appeal because the case did not involve the construction of Article 1, Section 15, of the Constitution in any respect not theretofore adjudicated by that court. State v. Harris, 321 S.W.2d 468.

Defendant here contends that the trial court erred: (1) in refusing to sustain his motion to suppress and in admitting in evidence certain "policy" paraphernalia alleged to have been obtained through an unreasonable and unlawful search and seizure, in violation of Sections 15 and 19 of Article 1 of the Constitution, and in permitting testimony by the police officers concerning the challenged evidence; (2) in refusing to give defendant's Instruction "A" which would have submitted to the jury the issue of the lawfulness of defendant's arrest and have directed the jury that in the event they found there were no reasonable grounds for defendant's arrest, they should disregard all evidence obtained from the person of defendant by any search incident to the arrest, as well as all testimony relating to such evidence; (3) in unduly restricting the cross-examination of Police Officer McInerney; (4) in making an improper remark in overruling an objection by defense counsel, and in refusing to strike said remark from the record and to grant a mistrial by reason thereof; (5) in permitting the arresting officer to testify that he had known defendant before the date of the arrest; (6) in permitting claimed prejudicial argument by the State's counsel which was to the effect that an inference of guilt could be presumed from the flight of defendant, since there was no flight in a legal sense shown; (7) in permitting the State's counsel to argue that the only question before them was the amount of punishment and not the guilt or innocence of the defendant; and (8) in failing to declare a mistrial when the State's counsel argued that if a mere fine were assessed the defendant would only laugh at them. For the reasons hereinafter stated, we affirm the judgment appealed from.

█ It appears from the record before us that "policy" is a lottery or game of chance where bettors select numbers to bet on and place the bet with a policy writer. In the operation of this game certain records are made which are referred to in

the evidence as policy writer's "top sheets," "take sheets," policy "result drawings," policy "hit slips," and policy "shortage slips." We deem further reference to the mechanics of the game as being unnecessary to a determination of this appeal.

At approximately 8:00 p. m. on June 22, 1956, Officers Edward Davis and Thomas McInerney of the St. Louis Police Department parked their automobile on the east side of Marcus Avenue, a north and south street, about seven feet south of Lewis Place, which street runs in an east and west direction. The officers then got out of the automobile and took up a position on the south side of Lewis Place, west of Marcus Avenue. Shortly thereafter the officers observed defendant leave his home at 4745 Lewis Place and walk east on the north side of Lewis Place. At that time he was carrying a brown paper bag. Defendant walked to the east side of Marcus, turned south and crossed Lewis Place. Before defendant reached Marcus Avenue the police officers returned to their automobile. When defendant started across Marcus Avenue, Officer Davis left the police vehicle and again went to the west side of Marcus. McInerney remained in the police car. When defendant reached a point about eight or ten feet north of the police car, Officer McInerney got out of the car and said, "Police Officer." McInerney had his police badge in his hand at the time and intended to arrest defendant for investigation. Up to that time defendant had walked slowly and in a normal manner, and was doing nothing of a suspicious nature. The officers knew of no offense that defendant was committing at the time. They could not see the contents of the brown bag which he was carrying and knew nothing of its contents until after defendant was arrested. The officers had no warrant for defendant's arrest, and no search warrant authorizing them to search the defendant. When Officer McInerney shouted "Police Officer" defendant started to run, still carrying the brown bag. McInerney then shouted "stop" three or four

times. Thereafter, defendant tossed the bag onto the roof of a one-story garage building located at 1012 Marcus Avenue, then stopped and submitted to arrest. The defendant had run south approximately 60 feet from the corner of the intersection. After Officer McInerney placed defendant under arrest he put him into the police car. After defendant was arrested, Officer Davis came from across the street and was instructed by McInerney to recover the bag from the roof of the garage. This Davis did, and it was then that he first learned the contents of the bag. It contained policy writers' top sheets, take sheets, policy result drawings, policy hit slips, and policy shortage slips. There was a total of 362 policy sheets. The bets recorded totaled $1,179.95. The contents of the bag were introduced in evidence over defendant's objection.

At the hearing on the motion to quash defendant called Officer McInerney to the stand. On direct examination, which was conducted by defense counsel, said officer gave the following testimony:

"A. * * * he ran south on Marcus and in front of 1012 Marcus there is a one-story brick garage and he turned around and tossed the paper bag he was carrying onto the roof of the garage. At that time Patrolman Davis climbed onto the roof and recovered the paper bag. * * * At the time, Officer Davis got on the roof, he could see the sheets protruding from the paper bag. * * * After it (bag) was tossed onto the garage roof he saw the sheets protruding from the bag—undoubtedly they fell out when he threw it on the roof. * * * I placed the defendant under arrest; previous to that he had run away when we told him to stop, and then Patrolman Davis recovered the brown paper bag with the sheets that were protruding from the bag on the roof of the garage."

■ In the instant case we think the action of the trial court in overruling de-

fendant's motion to suppress was correct. The evidence obtained was not the result of a search of defendant's person at the time of his arrest, nor was there any seizure of the contraband articles from his possession. Prior to his arrest defendant abandoned possession of the bag containing the articles in question by tossing the bag onto the roof of the garage where it lay with its contents exposed to view. As we view it, no case of search and seizure violative of defendant's right to be secure in his person under Article 1, Section 15, of the Constitution is presented. Johnson v. Commonwealth, 201 Ky. 163, 256 S.W. 18; Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898. Defendant cannot complain of the search of the roof of the garage by Officer Davis. The right to immunity from unreasonable searches and seizures under the Constitutional provisions before mentioned extends to one's dwelling house and the area surrounding same. State v. Zugras, 306 Mo. 492, 267 S.W. 804. It does not include property of another which he does not own, lease or rightfully possess, control or occupy. State ex rel. McDonald v. Frankenhoff, 344 Mo. 188, 125 S.W.2d 816; State v. Askew, 331 Mo. 684, 56 S.W.2d 52; State v. Green, Mo., 292 S.W.2d 283; State v. Rodgers, 364 Mo. 247, 260 S.W.2d 736; State v. Egan, Mo.App., 272 S.W.2d 719; Johnson v. Commonwealth, 201 Ky. 163, 256 S.W. 18; Davis v. Commonwealth, 201 Ky. 300, 256 S.W. 429. Nor does an unlawful search and seizure take place where papers and effects siezed are open to the eye and hand. State v. Watson, 329 Mo. 158, 44 S.W.2d 132; State v. Harre, Mo., 280 S.W.2d 41; State v. Hawkins, 362 Mo. 152, 240 S.W. 2d 688; 47 Am.Jur., Searches and Seizures, Sec. 20, p. 516; State v. Quinn, 111 S.C. 174, 97 S.E. 62, 3 A.L.R. 1500; State v. Miller, 121 Wash. 153, 209 P. 9. Here, the testimony shows that when Officer Davis climbed onto the roof of the garage the contents of the paper bag were exposed to his view. Under such circumstances, defendant's constitutional rights were not invaded when Officer Davis took possession of the contents of the bag. State v. Hawkins, supra. Nor did the court err in overruling defendant's objection to the introduction into evidence of the contents of the bag, or in permitting the officers to testify concerning same.

■ The court did not err in refusing defendant's requested Instruction "A". Whether or not the evidence had probative force was a question of law which the court decided adversely to defendant's contention when it ruled the evidence admissible. It was ruled admissible on the theory that the policy paraphernalia was not obtained from the person of the defendant or from his possession by reason of an unlawful search. Instruction "A" would have permitted the jury to overrule the trial court on this question of law on a theory not supported by the proof. This is beyond the prerogative of the jury. Instruction "A" was properly refused.

■■ During the cross-examination of Officer McInerney by defense counsel the officer was asked if at the time he got out of the department car he intended to arrest the defendant. An objection to this question was by the court sustained. No offer of proof was thereafter made, nor were there any reasons advanced in support of the propriety of the question. In the motion for new trial defendant complained of the above ruling, the assignment therein being that "the court erred in limiting the right, unfairly and without good reason, of defendant in cross-examination of witness McInerney to inquire of said witness if at the time he first spoke to the defendant and was getting out of his car, as to whether or not it was the witness's intention to then place said defendant under arrest." This assignment is not in such detail and particularity, or so specific as to grounds, as to preserve any question for review. Section 547.030 RSMo 1949, V.A.M.S.; 42 V.A.M.S. Supreme Court Rule 27.20; State v. Pitts, Mo., 282 S.W.2d 561; State v. Lord, Mo., 286 S.W.2d 737. When error is asserted in a motion for new

trial concerning the exclusion of testimony, the reasons why it is claimed to have been admissible must be assigned, at least with sufficient particuarlity to inform the trial court of the merits of the assignment. Defendant's brief on appeal may not supply deficiencies in his motion for new trial. State v. Davis, Mo., 251 S.W.2d 610; State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774.

Defendant contends the court committed reversible error by commenting on the evidence during the argument of State's counsel. The following occurred:

"Mr. McSweeney: * * * You heard the evidence in the case; you will decide the case on what came off that witness stand, * * *. Now, as to what Davis said about the bag, and what Detective McInerney said about the bag, in the final analysis Detective Davis got the bag where Detective McInerney saw the defendant throw it. Now, Mr. Bruntrager would have you decide the case on whether or not it was in the right hand or left hand, whether there were trees in the middle of that park, whether or not McInerney could see the man on the other side of the street through those trees. Of course, the fact of the matter is, he could have brought some pictures to you as far as those things * * *."

At this point, defendant's counsel objected to the statement that defendant could have brought pictures before the jury—the basis of the objection being that "the State has the burden of proof if there is any evidence." The court then overruled the objection "on the ground stated." Counsel for defendant then asked that the statement be stricken and the jury instructed to disregard it. To this, the court replied: "They will be guided by the evidence that they have; all right, not evidence that can be dreamed up." Defendant's counsel excepted to the remarks of the court on the ground that it was highly prejudicial to the rights of the defendant and would pre-

vent defendant from "getting a fair and impartial trial." Defendant's counsel also moved for a mistrial because of said remark. This motion was overruled.

█ We do not think there is merit to defendant's contention that the trial court committed prejudicial error in making the remark. The remark was not directed to the jury, but to defendant's counsel. In stating that the jury would not be guided by evidence that could be "dreamed up" the court was merely emphasizing the correct rule of law that the jury should be confined to the evidence and testimony that came from the witness stand.

█ Defendant next complains that the court erred in permitting Officer McInerney to testify, over the objection of defense counsel, that he had known defendant before the date of arrest. In the trial court, the objection interposed was that the evidence was "irrelevant and immaterial, doesn't tend to prove or disprove any issue in the case." In this court, it is urged that the evidence was improperly admitted because such testimony raised the inference that defendant was a police character and thereby placed his character in issue, although he did not present any evidence on this issue. Since this objection was not urged below, we may not consider it here. Rulings on objections to the admission of evidence will not, on appeal, be held erroneous for reasons other than those given at the trial. State v. McCord, 237 Mo. 242, 140 S.W. 885; State v. Mayberry, Mo., 272 S.W.2d 236. The mere admission of immaterial evidence does not indicate prejudice, and it is only prejudicial evidence that calls for a reversal. State v. Mayberry, supra. But even if the point now raised were before us we would be compelled to rule adversely to appellant under the Supreme Court's decision in State v. Pitchford, Mo., 324 S.W.2d 684. In that case the same point as urged here was disposed of in the following language:

"Assignments 4 and 8 relate to the fact that two police officers were permitted to testify that they had known defendant prior to the time of his arrest. It is said that such testimony would tend to indicate that defendant had a police record and resulted in the State putting defendant's character in issue. The contention is unsound. It is well known that most police officers have a wide acquaintance among the citizenry in general and the fact that a person is known to a police officer does not necessarily convey the impression that he has a criminal record."

We next consider defendant's contention that the court erred in permitting the following argument:

"The evidence shows that this man walked down Lewis Place with a brown paper bag in his hand, that he got within five or seven feet of a police car in which Detective McInerney was, and Detective Davis being across the street at the time; that when he got within those five or seven feet Detective McInerney got out of the car and said 'Police Officer', that this man then ran. Let's take that into consideration right there. Let's stop at that point for a minute and ask yourselves whether or not an innocent man would run."

Appellant contends that since defendant did not leave the scene of the arrest, but rather submitted to arrest, there was no evidence of flight in the legal sense and therefore no inference such as was drawn by the Assistant Circuit Attorney can be deemed proper.

 The circumstances attending the arrest of an accused, including an attempt on his part to evade, escape or avoid arrest, is admissible in evidence. State v. Wilkins, Mo., 100 S.W.2d 889; 22 C.J.S. Criminal Law § 628, p. 962. And this is true whether the arrest is legal or not.

Giddings v. State, 130 Tex.Cr.R. 406, 94 S.W.2d 1168. Since the evidence was admissible, it could be considered by the jury in determining the question of guilt or innocence of the defendant. State v. Hogan, Mo., 252 S.W. 387. In our judgment, the trial court did not err in permitting counsel for the State to argue that an inference of guilt could be drawn from the fact that defendant ran after being accosted by Officer McInerney.

The following argument was made by the State's counsel:

"Now, the only question before you, my friends, is this at this time, whether or not this defendant, as he sits here in this courtroom is guilty of the charge of possession of lottery paraphernalia. That is the question before you, and the punishment is a fine up to one thousand dollars and/or punishment in the City Workhouse up to a year. And I will say this, based upon the evidence in the case, that the only question before you is: what is the punishment going to be? Not the question of whether or not the man is guilty.

"Mr. Bruntrager: Your Honor, I am going to object to that. The Court has instructed that they have to find—

"The Court: (Interrupting) Well, pardon me, it is argument. You may answer.

"Mr. McSweeney (Continuing) I say to you that the only thing before you for your consideration, based upon the evidence as it has come from that witness stand and State's exhibits, is what the punishment is going to be; it isn't whether or not this man is guilty. Let's look together at the evidence.

"Mr. Bruntrager: I am going to object again. It is not—

"The Court: Overruled. You may answer. He contends that under the

evidence there can be no question of guilt and not the punishment. That is his contention. You have a right to argue and you can answer. The jury understands that the argument of counsel is not evidence. They will consider all the evidence and all the instructions of the court.

"Mr. Bruntrager: I ask that the remark of the State's attorney be stricken and the jury instructed to disregard it and a mistrial be declared."

In this court, defendant contends that the argument misstated the law and was therefore prejudicial; that such argument was, in effect, telling the jury to disregard the instruction of the court on the presumption of innocence.

A mere reading of the argument will demonstrate the fallacy of defendant's contention. At the beginning, the point was clearly made that the question of defendant's guilt was one of the issues for the jury to decide. Counsel then, in effect, argued that under the evidence there was no question of defendant's guilt. Counsel could have used more apt language in making this point, but we are confident that the jury was not misled by it into believing that they did not have to find defendant guilty before assessing his punishment. That was apparently the view of the trial judge, as indicated by his language in overruling the objection.

■■ Whether or not remarks made by counsel during argument are improper and so prejudicial under the facts of the particular case as to necessitate the striking of them from the record, or the declaring of a mistrial, rests very largely within the trial court's discretion, which discretion will not be interfered with unless the record shows an abuse thereof to the appellant's prejudice. State v. Green, Mo., 292 S.W.2d 283. We find no abuse of discretion in this instance.

During his argument, in discussing the proper punishment to be imposed upon defendant, the State's counsel stated: "The punishment is up to you * * * what are you going to do? Fine the man a thousand dollars, he will laugh at you." Defendant's counsel interposed an objection to this argument and asked that the remarks be stricken, that the jury be instructed to disregard same, and that a mistrial be declared. The court sustained the objection.

■ In this court, defendant urges that the court erred in failing to declare a mistrial on account of the prejudicial nature of the remarks. Here, again, we feel the trial court did not abuse its discretion by failing to comply with the request for a mistrial. State v. Green, supra.

The judgment of the trial court is affirmed.

WOLFE, P. J., and RUDDY, J., concur.