**STATE of Missouri, Respondent,**

v.

*James Leroy COCHRAN, Appellant.*

No. 49583.

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1963.

Motion for Rehearing or to Transfer
to Court En Banc Denied

March 11, 1963.

Emanuel Shapiro, Clayton, for appellant.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Asst. Atty. Gen., Jefferson City, for respondent.

HYDE, Judge.

Defendant found guilty of first degree robbery (Secs. 560.120 and 560.135) and sentenced under the habitual criminal statute (Sec. 556.280) to ten years' imprisonment. (Statutory references are to RSMo and V.A.M.S.) Defendant has appealed and makes the following three contentions: (1) Refusal to require production of the police report concerning the robbery; (2) Refusal to dismiss indictment and direct judgment of acquittal on the ground of delay in bringing him to trial, claimed to have deprived him of his constitutional right to speedy trial; and (3) Admission of evidence, over objection that it was obtained by illegal search.

On June 3, 1960, about 11:00 A.M., two well-dressed young men came into the liquor store of Joseph J. Lawler and ordered a case of cold beer. Lawler started to fill an empty case when the man, identified by Lawler as defendant, pointed an automatic pistol at him and ordered him to go into the back room. This man stayed in the room with Lawler for ten or fifteen minutes while the other man with him remained in the front of the store and took money ($306.00) from the cash register. The man with Lawler took a roll of bills ($51.00) from him and then locked him in the back room with a padlock. These two men were seen going to and leaving the liquor store by

Mrs. Albert M. Cruse whose husband operated a washing service next door to Lawler's store. She was waiting in the doorway for her husband to bring some detergent, when they went by and came back. They were also seen by Mr. Cruse, returning with the detergent, who met them as they left Lawler's store. Defendant was identified by Mr. and Mrs. Cruse at the police station on the afternoon of June 6, 1960, and by Lawler on the next afternoon. Since it is not claimed that the State failed to make a jury case against defendant, other facts will be stated in ruling the three contentions made.

■ As to the police report, defendant's counsel says he wanted to use it for impeachment of witnesses but frankly admits that "it could be that the report would not impeach the credibility of the witnesses." He filed a motion to produce which was overruled and then had issued a subpoena duces tecum which was quashed. He also asked the court to look at the report to determine if there was any impeachable matter in it, which the court refused to do. Defendant cites State v. Crayton, Mo.Sup., 354 S.W.2d 834, 838, in which a police report was used by a police officer to refresh his memory shortly before testifying. The cases cited therein, on which defendant also relies, concerned use of papers to refresh the memory of a witness at the trial. There was nothing in this case to show any such use and no witness was even asked if he had ever seen the police report. Defendant also cites Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, but it was concerned with reports made by witnesses, which was not the case here. See also State v. Gilliam, Mo.Sup., 351 S.W.2d 723, 727, and cases cited. Therefore, no error in the court's rulings appears.

■ On the issue of delay (claiming denial of speedy trial and laches) it appears that defendant was arrested on information concerning his participation in the robbery of the Roosevelt Federal Savings and Loan

Association of St. Louis. See Cochran v. United States, 8 Cir., 291 F.2d 633, rehearing denied August 7, 1961, in which defendant's conviction for that crime was reversed and remanded for new trial. Defendant was indicted for the robbery of Lawler's Store on February 13, 1962, and his trial began on April 2, 1962, at the next term of court. See Secs. 478.263 and 545.-890. Defendant filed a motion to dismiss, on March 13, 1962, on the ground of delay in informing him of the charges against him and bringing him to trial. At the hearing on this motion, the testimony was that a federal warrant was issued against defendant on June 6, 1960; that on June 8, 1960, he was relinquished to the federal authorities; and that he remained in federal custody until after his second trial and conviction in the federal court. While awaiting his second appeal, defendant elected to stay in the city jail and the State then instituted these proceedings. The State had testimony that "it has been our experience that the Feds do not give up a prisoner that is under sentence"; but they did so in this case after defendant had asked to be brought to trial on this present charge. It was not shown where defendant was kept in federal custody prior to his second federal trial or the date of that trial.

Defendant cites Taylor v. United States, 99 U.S.App.D.C. 183, 238 F.2d 259, where the defendant therein was not indicted within the three-year statute of limitations period. Although the statute was tolled by his absence from the jurisdiction in prison in New York, the court held there was an unreasonable delay which could have seriously prejudiced the defendant. There the offense was committed July 19, 1950, the indictment was returned February 28, 1954, and the defendant was not tried until March 28, 1956. The court pointed out that there was no showing the defendant even knew he was indicted; that the case against him was weak; and that the long lapse between the time of the offense and the trial "must seriously have handicapped the preparation

of a defense." The court said: "Had the evidence been *overwhelming,* so that no infirmity might be made to appear, a different result might be reached." Here the evidence was strong because defendant had been very positively identified by three people, which he must have known at the time he was turned over to the federal authorities. Defendant's counsel argued that the testimony as to identification was weak because the witnesses testified the man they identified as defendant was wearing sun glasses when they saw him. However, these witnesses said they did see his face and Lawler was in the room close to him for more than ten minutes. This room was lighted by a 75-watt electric light and the time was between 11:00 A.M. and noon. Defendant cites State v. Milner, Ohio Com.Pl., 149 N.E.2d 189, and State v. Waites, Ohio Mun., 163 N.E.2d 195, which he says are based on Taylor v. United States, supra. However, in these cases, not only was the time longer than in this case but the defendants were in custody of the authorities of the same state. Likewise, in Ex parte Trull, 133 Kan. 165, 298 P. 775, cited by him, the defendant remained in the state free on bond, after a preliminary hearing on a complaint, and although bound over to district court no information was filed until more than two years later. For cases in which the defendant was in federal custody and contentions like this one were denied see Lee v. State, 185 Ark. 253, 47 S.W.2d 11; Ex parte Schechtel, 103 Colo. 77, 82 P.2d 762, 118 A.L.R. 1032; Kirby v. State, 222 Md. 421, 160 A.2d 786; State v. Larkin, 256 Minn. 314, 98 N.W.2d 70; Application of Melton, Okl.Cr., 342 P.2d 571. We hold that the court did not err in overruling defendant's motions to dismiss the indictment and for judgment of acquittal on grounds of delay and laches.

■ The claimed inadmissible evidence was the testimony of two police officers, who went to arrest defendant, that he was found in a clothes closet in the apartment which they entered to find him. Defendant's objection was that he was found as the result of an unlawful search. Defendant's conviction in the federal court was reversed on a holding of unlawful search because of admitting in evidence (after overruling a motion to suppress) a gun found in the apartment similar to the one used by the robber in the Savings and Loan Association robbery and car keys found there which fit an automobile parked in front of the type used in that robbery. (291 F.2d l. c. 634.) Because of this federal court ruling, the state prosecutor stipulated with defendant's counsel that the articles would not be used in this trial. However, evidence of flight or concealment is generally admissible. 20 Am.Jur. 273, Evidence, Sec. 293; 22A C.J.S. Criminal Law §§ 625, 626, 628, pp. 460–472. Citing State v. Harris, Mo.App., 325 S.W.2d 352, 358, and Giddings v. State, 130 Tex.Cr.R. 406, 94 S.W.2d 1168, it is said in 22A C.J.S. Criminal Law § 628: "It is generally proper for the prosecution to show an attempt on the part of accused to evade, escape, or avoid arrest, whether or not the arrest was legal." See also Wharton's Criminal Evidence, Secs. 139, 140, in which it is shown that inferences may be drawn from such conduct of the defendant. Testimony about conduct is an entirely different matter from the use of illegally seized articles. We hold there was no error in admitting this evidence of defendant's conduct.

We have examined the record as required by our Rules 28.02 and 28.08, V.A.M.R. and find it sufficient as to those matters therein specified.

The judgment is affirmed.

All of the Judges of the Division concur and Hunter, Special Judge, concurs.